■ DAVID FARRANT, Respondent, v STATE FARM INSURANCE COMPANY, Appellant, and JOHN G. CAMPO, Respondent.—In an action for a judgment declaring the rights and obligations of the parties under a policy of insurance, the defendant State Farm Insurance Company appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated May 16, 1986, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant State Farm Insurance Company (hereinafter State Farm) issued an automobile liability insurance policy to the plaintiff on April 23, 1982, for a certain 1969 Volkswagen. On December 1, 1982, the plaintiff contacted his broker, the defendant Campo, for the purpose of securing replacement coverage under the policy for a 1977 Dodge van. Campo then completed and signed a "New York Automobile Insurance Plan Policy Change Request" form, which he submitted to State Farm. Although the form was dated as having been prepared on December 1, 1982, it contained no effective date for the replacement. In fact, the form contained the following disclaimer: "This form is not, in and of itself, a binding commitment to provide the coverages requested therein. Such coverages are to be provided only as required by the rules of the New York Automobile Insurance Plan and shall become effective in accordance with the rules of the Plan". The form was not signed by the plaintiff insured.

On December 4, 1982, the plaintiff was involved in a motor vehicle accident while operating the 1969 Volkswagen. In need of another vehicle, the plaintiff obtained insurance cards from the broker for the 1977 Dodge van on December 6, 1982, and he brought the cards to the New York State Department of Motor Vehicles and registered the van on or after that date.

Thereafter, State Farm denied coverage on the Volkswagen on the date of the accident, contending that its coverage had terminated on December 1, 1982, when it claimed the coverage became effective on the replacement vehicle. The plaintiff then commenced this declaratory judgment action and moved for summary judgment. The defendant Campo joined in the plaintiff's motion, and the defendant State Farm cross-moved

for summary judgment in its favor. By order dated May 16, 1986, the Supreme Court, Nassau County (McCabe, J.), granted summary judgment in favor of the plaintiff, and the defendant State Farm has appealed.

We conclude that the order should be affirmed inasmuch as the plaintiff established his entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562) and the defendant State Farm failed to demonstrate, by admissible evidence, the existence of a triable issue of fact (see, Zuckerman v City of New York, supra, at 560). Although the change form submitted by Campo to State Farm was prepared on December 1, 1982, the form contained a statement declaring that the coverage requested therein would only become effective in accordance with the rules of the New York Automobile Insurance Plan. Under those rules, coverage on a replacement vehicle "shall be effective in accordance with the provisions of the policy or upon the issuance of a legal registration by an issuing office of [the Department of Motor Vehicles] whichever is earlier" (15 NYCRR 32.13 [c]). In this case, the registration for the replacement vehicle was issued by the Department of Motor Vehicles on or after December 6, 1982, and State Farm made no evidentiary showing that its policy contained a provision making coverage on a replacement vehicle effective prior to the registration date.

Accordingly, the order appealed from is affirmed, and the parties should proceed to enter a judgment declaring their respective rights and obligations in accordance therewith. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.